FILED
2021 Oct-06 PM 02:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT CALDWELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.:** |
| | ) | |
| **LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

1. Plaintiff, ROBERT CALDWELL, [hereinafter referred to as "Plaintiff"], is over the age of nineteen (19) years and is a resident of Alabama. The Plaintiff was previously employed by The Westervelt Company and is eligible for group benefits while employed in Alabama.

2. Defendant LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, [hereinafter referred to as "Lincoln Life"], is an insurance company with its statutory home address in Pennsylvania. Lincoln Life is an ERISA fiduciary and/or plan administrator providing benefits for the Plaintiff in the State of Alabama and otherwise doing business in the Western Division of the Northern District of Alabama.

## FACTUAL ALLEGATIONS

3. Defendant Lincoln Life issued a short term and long term disability insurance policy to Westervelt for the benefit of the Plaintiff in consideration of the premiums provided by or on behalf of the Plaintiff through a group disability insurance plan for employees of Westervelt.

4. The plan benefits issued by Westervelt and Lincoln Life provide coverage to the

Plaintiff for loss of income as a result of disability.

5. Benefits pursuant to the disability plan and insurance contract were available to Plaintiff at all times relevant to this Complaint.

6. Prior to June 1, 2020 Plaintiff was an employee of Westervelt.

7. Plaintiff suffers from total disability. Plaintiff has been diagnosed by his physician as being disabled and not able to work full time.

8. Plaintiff filed a claim for benefits under her Westervelt benefits plan for his disability benefits. Plaintiff submitted a signed medical release authorization to Defendants for his disability claim.

9. Defendants initially approved and paid disability insurance benefits from June 1, 2021 through August 18, 2021.

10. On or about December 16, 2020, Defendant Lincoln Life sent a letter to Plaintiff and denied Plaintiff's disability insurance benefits, which identified an effective back-date of August 18, 2020.

11. On April 14, 2021 Plaintiff timely requested an administrative appeal review of the claim denial decision, and also requested Lincoln to produce a copy of all claim file documents.

12. Defendant Lincoln Life failed to respond to Plaintiff's appeal request and never produced the claim file documents.

13. On May 19, 2021 Plaintiff, again, timely requested administrative appeal review of the claim denial decision. The second request was sent by U.S. Postal Service Certified Mail.

14. Defendant Lincoln Life failed to respond to the April 14, 2021 and May 19, 2021 administrative appeal letters and has continued to deny Plaintiff's disability insurance benefits.

15. Defendant Lincoln Life ignored the disability diagnoses and letter from Plaintiff's treating physician.

16. Plaintiff has attended his Social Security disability hearing and was informed that the claim is to be approved. The Social Security Administration found that the Plaintiff cannot perform sustained work activity, on and after the disability onset date.

17. Upon information and belief, the language of the disability plan expressly contemplates a plan participant's disability claim with the Social Security Administration.

18. Defendant failed to provide an appeal of the benefit denial. The Plaintiff has exhausted his administrative remedies pursuant to the terms of the disability plan.

19. Plaintiff alleges that at the time the disability claims were filed with Defendants Lincoln Life, the Plaintiff was a beneficiary of the disability plans, and was an insured under the insurance policies. Plaintiff submitted a medical release authorization and filed the proper claim forms and all other forms necessary for payment under the disability benefit. At all times subsequent to August 18, 2020, Plaintiff has been entitled to disability benefits, and other ERISA insurance benefits that may flow from his disability.

20. Defendant Lincoln Life breached the Plan language and terminated the Plaintiff's disability benefits.

**COUNT I**
**VIOLATIONS OF THE EMPLOYEE**
**RETIREMENT INCOME SECURITY ACT**

21. Plaintiff adopts and incorporates paragraphs one through 20 as if fully stated herein.

22. Defendant Lincoln Life had a duty to pay benefits under the disability insurance as set forth in the Employee Retirement Income Security Act of 1974 ("ERISA").

23. Defendant Lincoln Life failed to pay the Plaintiff the benefits under the terms of the disability plan, and/or other insurance benefits provided to Plaintiff under his ERISA plan.

24. Defendant Lincoln Life is an insurance company that pays claims from its own assets. Upon information and belief, Lincoln Life is a wholly owned subsidiary of a publicly traded, for-profit corporation known as Lincoln National Corporation.

25. Upon information and belief, Defendant Lincoln Life has a conflict of interest in paying claims and reducing its own assets.

26. Defendant Lincoln Life terminated and failed to pay the Plaintiff's benefits after August 18, 2020. Lincoln Life breached the terms of the disability insurance policy and plan.

27. Defendant Lincoln Life is an ERISA fiduciary and/or carries out fiduciary responsibilities for Plaintiff's disability benefits.

28. Defendant Lincoln Life violated the provisions of ERISA 29 U.S.C. §1001, et seq.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests judgment against the Defendant Lincoln Life as follows:

(A) payment of disability benefits under the short term and long term disability plans pursuant to ERISA § 502;

(B) payment of disability benefits under other insurance then-existing plans pursuant to ERISA § 502;

(C) enforce "make whole" relief for the Plaintiff pursuant to ERISA § 502;

(D) reasonable costs;

(E) interest;

(F) attorney's fees; and

(G) such other relief as the Court may deem just and proper.

Respectfully submitted,

Jeff S. Daniel
LAW OFFICE OF JEFF DANIEL, P.C.
Post Office Box 131323
Birmingham, Alabama 35213
Telephone: (205) 531-1287
Facsimile: (205) 327-5773
Email: jsd10@bellsouth.net
www.JeffDanielLaw.com

Defendant's Address for Service:

Lincoln Life Assurance Company of Boston
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL**