FILED
2022 Feb-09 PM 01:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT CALDWELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 7:21-cv-01337-LSC** |
| **LINCOLN LIFE ASSURANCE** | ) | |
| **COMPANY OF BOSTON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# DEFENDANT'S ANSWER TO COMPLAINT

Defendant Lincoln Life Assurance Company of Boston ("Lincoln Life") answers the Complaint filed by Plaintiff Robert Caldwell ("Plaintiff") and alleges as follows:

## FOR A FIRST DEFENSE

## PARTIES

1. Regarding the allegations contained in Paragraph 1 of the Complaint, Lincoln admits that, at certain times, Plaintiff was employed by The Westervelt Company ("Westervelt") and was, at certain times, a participant in The Westervelt Company Short Term Disability Plan (the "STD Plan") and The Westervelt Company Long Term Disability Plan (the "LTD Plan") sponsored by Westervelt to provide short term and long term disability benefits to certain of its employees. Lincoln admits that documentation concerning Plaintiff's age and date of birth are

contained in the administrative record upon which Plaintiff's claim for benefits from the STD Plan was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Regarding the allegations contained in Paragraph 2 of the Complaint, Lincoln admits it is an Indiana Corporation with its principal place of business in Radnor, Pennsylvania, and that it is lawfully authorized to do business in Alabama. Lincoln admits that the STD Plan was self-funded by Westervelt and that, at certain times, Lincoln provided certain services pertaining to claims for benefits from the STD Plan under the terms of a contract between Westervelt and Lincoln. Lincoln admits that it issued a Group Disability Income Policy (the "LTD Policy"), to Westervelt, which Policy, at certain times, insured benefits from the LTD Plan and that Lincoln is the claim administrator for claims for benefits from the LTD Plan under the LTD Policy. Lincoln specifically denies that it is the Plan Administrator of the STD Plan or the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Regarding the allegations contained in Paragraph 3 of the Complaint, Lincoln admits that the STD Plan was self-funded by Westervelt and that, at certain times, Lincoln provided certain services pertaining to claims for benefits from the STD Plan under the terms of a contract between Westervelt and Lincoln.

Lincoln admits that it issued the LTD Policy to Westervelt, which Policy, at certain times, insured benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Regarding the allegations contained in Paragraph 4 of the Complaint, Lincoln admits that, at certain times, Plaintiff was employed by Westervelt and was, at certain times, a participant in the STD Plan and the LTD Plan. Lincoln admits that it issued the LTD Policy to Westervelt, which Policy, at certain times, insured benefits from the LTD Plan. Lincoln specifically denies that it was the insurer of benefits paid by the self-funded STD Plan. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Regarding the allegations contained in Paragraph 5 of the Complaint, Lincoln admits Plaintiff was, at certain times, a participant in the STD Plan and the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Regarding the allegations contained in Paragraph 6 of the Complaint, Lincoln admits that, at certain times, Plaintiff was employed by Westervelt. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Regarding the allegations of Paragraph 7 of the Complaint, Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in

the administrative record upon which Plaintiff's claim for benefits from the STD Plan was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Regarding the allegations of Paragraph 8 of the Complaint, Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the STD Plan. Lincoln admits that medical authorization forms are contained in the administrative record upon which Plaintiff's claim for benefits from the STD Plan was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Regarding the allegations of Paragraph 9 of the Complaint, Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the STD Plan. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Regarding the allegations of Paragraph 10 of the Complaint, Lincoln admits that it sent a letter dated December 16, 2020, to Plaintiff, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Regarding the allegations of Paragraph 11 of the Complaint, Lincoln admits that it received a letter from Plaintiff's counsel dated April 14, 2021, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Regarding the allegations of Paragraph 12 of the Complaint, Lincoln admits that it did not respond to the letter from Plaintiff's counsel's letter dated April 14, 2021. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Regarding the allegations of Paragraph 13 of the Complaint, Lincoln admits that it received a letter from Plaintiff's counsel dated May 19, 2021, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Regarding the allegations of Paragraph 14 of the Complaint, Lincoln admits that it did not respond to the letter from Plaintiff's counsel dated May 19, 2021. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Regarding the allegations of Paragraph 15 of the Complaint, Lincoln denies these allegations.

16. Regarding the allegations of Paragraph 16 of the Complaint, Lincoln is without sufficient knowledge concerning Plaintiff's claim for disability benefits

from the Social Security Administration to either admit or deny the allegations contained in Paragraph 16 of the Complaint.

17. Regarding the allegations of Paragraph 17 of the Complaint, to the extent that this Paragraph seeks to interpret either the STD Plan documents or the LTD Policy or other documents relevant to the STD Plan or the LTD Plan, Lincoln refers to the LTD Policy and the STD Plan documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Regarding the allegations of Paragraph 18 of the Complaint, Lincoln denies these allegations.

19. Regarding the allegations contained in Paragraph 19 of the Complaint, Lincoln admits Plaintiff submitted a claim for benefits from the STD Plan. Lincoln admits that, at certain times, Plaintiff was employed by Westervelt and was, at certain times, a participant in the STD Plan and the LTD Plan. Lincoln admits that the STD Plan was self-funded by Westervelt and that, at certain times, Lincoln provided certain services pertaining to claims for benefits from the STD Plan under the terms of a contract between Westervelt and Lincoln. Lincoln admits that it issued the LTD Policy to Westervelt, which Policy, at certain times, insured benefits from the LTD Plan. Lincoln admits that medical authorization forms are contained in the administrative record upon which Plaintiff's claim for

benefits from the STD Plan was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln specifically denies that Plaintiff submitted a claim for benefits from the LTD Plan under the LTD Policy and denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Regarding the allegations of Paragraph 20 of the Complaint, Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 20 of the Complaint.

**COUNT I:**

21. Regarding the allegations of Paragraph 21 of the Complaint, Lincoln incorporates its responses to Paragraphs 1-20 by reference as if fully set forth herein.

22. Regarding the allegations of Paragraph 22 of the Complaint, to the extent these allegations assume that Lincoln is the insurer of benefits paid by the STD Plan, Lincoln denies these allegations. Lincoln admits only that it issued the LTD Policy to Westervelt, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln specifically denies that it was the insurer of benefits paid by the self-funded STD Plan. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits from the STD Plan and denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Regarding the allegations of Paragraph 23 of the Complaint, Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the STD Plan and the LTD Plan, and Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Regarding the allegations contained in Paragraph 24 of the Complaint, Lincoln admits it is an Indiana Corporation engaged in the business of providing group and individual life, disability, and other insurance policies and products and that it is a wholly-owned subsidiary of Lincoln National Corporation, a publicly held corporation. Lincoln admits that the STD Plan was self-funded by Westervelt and that, at certain times, Lincoln provided certain services pertaining to claims for benefits from the STD Plan under the terms of a contract between Westervelt and Lincoln. Lincoln admits that it issued the LTD Policy to Westervelt, which Policy, at certain times, insured benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Regarding the allegations of Paragraph 25 of the Complaint, to the extent these allegations assume that Lincoln is the insurer of benefits paid by the STD Plan, Lincoln denies these allegations. Lincoln admits only that it issued the LTD Policy to Westervelt, which Policy, at certain times, insured benefits from the

LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Regarding the allegations of Paragraph 26 of the Complaint, Lincoln admits that it sent letters dated December 16, 2020, and February 26, 2021, to Plaintiff, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Regarding the allegations of Paragraph 27 of the Complaint, to the extent these allegations assume that Lincoln is the insurer of benefits paid by the STD Plan, Lincoln denies these allegations. Lincoln admits only that it issued the LTD Policy to Westervelt, which Policy, at certain times, insured benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Regarding the allegations of Paragraph 28 of the Complaint, Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits from the STD Plan and denies all remaining allegations contained in Paragraph 28 of the Complaint. No response is required to the "WHEREFORE" Paragraph thereafter, as said Paragraph makes no factual allegations but only states the relief sought by Plaintiff. To the extent a response is required, Lincoln denies all allegations contained in the WHEREFORE Paragraph under the Prayer for

Relief of the Complaint and Paragraphs A-G thereunder and denies Plaintiff is entitled to any remedy or relief against Lincoln whatsoever.

Unless specifically admitted herein, Lincoln denies each and every allegation of the Complaint.

**FOR A SECOND DEFENSE**

29. To the extent the Complaint seeks extra-contractual or "make whole" damages in addition to STD or LTD benefits allegedly due and attorneys' fees and costs as provided by ERISA, no such relief is available to Plaintiff as a matter of law.

**FOR A THIRD DEFENSE**

30. The claim and appeal determinations in this matter were reasonable and were not arbitrary and capricious or an abuse of discretion under ERISA.

**FOR A FOURTH DEFENSE**

31. Some or all of the claims asserted or relief sought by Plaintiff in the Complaint are barred by the doctrines of laches, waiver, estoppel, unclean hands, and/or failure to fulfill conditions precedent under the terms of the applicable plans because of Plaintiff's failure to submit all relevant documents in support of Plaintiff's claim and appeals and/or failure to comply with other plan requirements.

**FOR A FIFTH DEFENSE**

32. Plaintiff's claim for recovery of benefits is subject, in whole or in part, to an offset pursuant to the terms of the documents governing the STD Plan and

LTD Plans, resulting from Plaintiff's receipt of benefits from other income, including, but not limited to, income earned by Plaintiff and the disability benefits Plaintiff received from the Social Security Administration on Plaintiff's own or Plaintiff's dependent(s)'s behalf.

**FOR A SIXTH DEFENSE**

33. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim for benefits under the STD Plan or during the administrative review process.

**FOR A SEVENTH DEFENSE**

34. Plaintiff failed to exhaust administrative remedies prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B), specifically, Plaintiff has failed to submit a claim for benefits from the LTD Plan.

**FOR AN EIGHTH DEFENSE**

35. Based on the appropriateness of the denial and the lack of any improper conduct by Lincoln, Lincoln requests that the Court order its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g) of ERISA.

## FOR A NINTH DEFENSE

36. Plaintiff's claim against Lincoln is barred because he failed to file this action within the applicable legal and/or contractual statute of limitations period.

## FOR A TENTH DEFENSE

37. Lincoln reserves the right to assert additional defenses.

## FOR AN ELEVENTH DEFENSE

38. Lincoln is not an entity from which Plaintiff may recover benefits from the STD Plan nor is Lincoln a proper Defendant in this action as benefits from the STD Plan are self-insured by The Westervelt Company and Lincoln only provided certain services pertaining to claims for benefits from the STD Plan pursuant to the terms of a contract between Lincoln and Westervelt.

WHEREFORE, Lincoln prays that the Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Respectfully submitted,

/s/ *Iwana Rademaekers*
Iwana Rademaekers, Esq.
(Admitted *Pro Hac Vice*)
Texas Bar No. 16452560
Attorney for Defendant
LAW OFFICES OF IWANA
RADEMAEKERS, P.C.
17304 Preston Road, Suite 800

Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

- *And* -

/s/ *Matthew W. Robinett*
Matthew W. Robinett
ASB-3523-I72M
Attorney for Defendant
NORMAN, WOOD, KENDRICK & TURNER
Ridge Park Place, Suite 3000
1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 328-6643
Facsimile: (205) 251-5479
Email: mrobinett@nwkt.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 9th day of February 2022, I electronically filed the foregoing with the Clerk of the Court utilizing the CM/ECF system which will send notification of such filing to counsel for the following parties:

Jeff S. Daniel
Email: jsd10@bellsouth.net

/s/ *Iwana Rademaekers*
Iwana Rademaekers