FILED
2022 Feb-21 AM 10:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT CALDWELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 7:21-cv-01337-LSC** |
| **LINCOLN LIFE ASSURANCE** | ) | |
| **COMPANY OF BOSTON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# **REPORT OF PARTIES' PLANNING MEETING**

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on February 18, 2022, and at various times thereafter and was attended by Jeff S. Daniel, on behalf of Plaintiff Robert Caldwell ("Plaintiff"), and Iwana Rademaekers on behalf of the Defendant Lincoln Life Assurance Company of Boston (hereafter "Defendant").

2. **Pre-discovery Disclosures**. The parties will exchange the information required by Local Rule 26.1 (a)(1) on or before **March 17, 2022.**

3. **Electronically Stored Information**. Any otherwise discoverable electronically stored information generated as part of the claim process should be produced as part of the claim file, and that disclosure or discovery of any such information should be handled in accordance with the Federal Rules of Civil Procedure.

4. **General Claims/Defenses**. The general claims and defenses of the parties are as follows:

a. Plaintiff was a participant in an ERISA governed welfare benefit plan established and maintained by his employer, to provide short term disability benefits and long term disability benefits to eligible employees. Plaintiff's benefits from this benefit plan were terminated by the Defendant. By this action, Plaintiff seeks the recovery of disability benefits due under the policy and attorneys' fees.

b. Defendant denies the general allegations of Plaintiff's Complaint and, in response, states that Defendant properly adjudicated Plaintiff's claim for short-term disability benefits pursuant to the terms and conditions of the applicable plan documents. Specifically, Defendant contends that its consideration of the relevant medical information, among other evidence, revealed that Plaintiff did not meet the STD plan's definition of disability. Defendant also states that its claim decision was in accordance with the plan's provisions, legally correct, and neither arbitrary nor capricious. In addition, Defendant contends that no violation of 29 U.S.C. § 1132(c) and related regulations has occurred.

5. **Discovery Plan**[1]:

a. Discovery will be needed on the following subjects:

(i.) Conflict discovery permitted in ERISA benefit recovery matters.

b. All discovery can be completed by **August 17, 2022**.

[1] Defendant states that because the "arbitrary and capricious" standard is the appropriate standard of review in this action, discovery should be limited to the administrative record relevant to Plaintiff's claim for benefits. If a "tiebreaker" is needed in the Court's decision on whether Defendant's decision was arbitrary and capricious, then and only then, would discovery concerning the degree of any conflict by Defendant be appropriate in this action.

c. Maximum of **30** interrogatories by each party to any other party without prior approval of the Court. Maximum of **30** requests for production by each party to any other party without prior approval of the Court. Maximum of **45** requests for admission by each party to any other party without prior approval of the Court. (Responses due **30** days after service).

d. Maximum of **2** depositions by Plaintiff and **2** by Defendant without prior approval of the Court.

e. Reports from retained experts under Rule 26(a)(2) should be due:

(i.) from **Plaintiff** by **March 17, 2022.**

(ii.) from **Defendant** by **April 17, 2022.**

f. Supplementation under Rule 26(e) due no later than **30** days before the close of discovery.

6. **Other items.**

a. The parties do not consent to final dispositive jurisdiction by a magistrate judge.

b. The parties do not request a conference with the Court prior to entry of the Scheduling Order.

c. Parties should be allowed until **May 17, 2022** to join additional parties and to amend the pleadings and until **June 17, 2022** to respond to any above-mentioned amendments.

d. All potentially dispositive motions should be filed by **October 17, 2022**.

e. The parties are receptive to mediation but do not request Court ordered mediation at this time.

f. All pre-trial disclosures and final lists of trial evidence under Rule 26(a)(3) should be due pursuant to the terms of the pretrial order or **30** days before trial if no pretrial order is entered.

g. Parties should have **<u>14</u>** days after service of final lists of trial evidence to list objections under Rule 26(a)(3).

h. The parties believe that the case should be ready for trial, if the matter is not resolved through dispositive motions by **<u>January 17, 2022</u>**. Trial is expected to take approximately **1-2 days**.

Respectfully Submitted: February 21, 2022


/s/ Jeff S. Daniel (w/permission)
Jeff S. Daniel, Esq.
Law Office of Jeff S. Daniel, P.C.
Attorneys for Plaintiff
P.O. Box 131323
Birmingham, AL 35213
Tel: (205) 531-1287
Fax: (205) 327-5773
Email: jsd10@bellsouth.net

**AND**

/s/ Iwana Rademaekers
Iwana Rademaekers, Esq.
(Admitted *Pro Hac Vice*)
Texas Bar No. 16452560
Attorney for Defendant
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com


- *And* -

MATTHEW W. ROBINETT
ASB-3523-I72M
Attorney for Defendant
NORMAN, WOOD, KENDRICK & TURNER
Ridge Park Place, Suite 3000
1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 328-6643
Facsimile: (205) 251-5479
Email: mrobinett@nwkt.com