FILED
2022 Apr-06 PM 04:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT CALDWELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 7:21-cv-01337-LSC** |
| | ) | |
| **LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

# AMENDED COMPLAINT

1. Plaintiff, ROBERT CALDWELL, [hereinafter referred to as "Plaintiff"], is over the age of nineteen (19) years and is a resident of Alabama. The Plaintiff was previously employed by The Westervelt Company and is eligible for group benefits while employed in Alabama.

2. Defendant LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, [hereinafter referred to as "Lincoln Life"], is an ERISA fiduciary and/or plan administrator providing benefits for the Plaintiff in the State of Alabama and otherwise doing business in the Western Division of the Northern District of Alabama. Lincoln Life is expressly identified in the in the Short Term Disability Plan to provide "review and recommendation, all claims for benefits under the plan for which proof of claim is furnished in a form satisfactory to Liberty". (STD Plan, at Annex B, Administrative Services Only Agreement). Pursuant to ERISA, Lincoln Life is a plan fiduciary. Upon information and belief, Defendant Lincoln Life acquired the rights to the administrative agreement from Liberty Life.

3. Defendant THE WESTERVELT COMPANY, [hereinafter referred to as "Westervelt"], is an ERISA fiduciary and/or plan administrator providing benefits for the

Plaintiff in the State of Alabama and otherwise doing business in the Western Division of the Northern District of Alabama. Westervelt is identified as the Plan "Sponsor" for the "Self-Insured Short Term Disability Plan". Upon information and belief, Westervelt entered into an "Administrative Services Only Agreement" with "Liberty Life Assurance Company of Boston", which expressly provides claim approval duties to Liberty Life and Westervelt. Pursuant to ERISA, Westervelt is a plan fiduciary and a necessary party to this case. Upon information and belief, Defendant Lincoln Life acquired the rights to the administrative agreement from Liberty Life.

## FACT ALLEGATIONS

4. Defendant Westervelt issued a short term disability plan for the benefit of its employees, including but not limited to the Plaintiff. Defendant Lincoln Life issued a short term and long term disability insurance policy to Westervelt for the benefit of the Plaintiff in consideration of the premiums provided by or on behalf of the Plaintiff through a group disability insurance plan for employees of Westervelt.

5. The plan benefits issued by Westervelt and Lincoln Life provide coverage to the Plaintiff for loss of income as a result of disability.

6. Lincoln Life is expressly identified in the in the Short Term Disability Plan to provide "review and recommendation, all claims for benefits under the plan for which proof of claim is furnished in a form satisfactory to Liberty". (STD Plan, at Annex B, Administrative Services Only Agreement). Upon information and belief, Defendant Lincoln Life acquired the rights to the administrative services agreement from Liberty Life.

7. Lincoln Life engages in STD Plan claim decisions and is a plan fiduciary for the Self-Insured Short Term Disability Plan

8. Westervelt is identified as the Plan "Sponsor" for the "Self-Insured Short Term Disability Plan". Upon information and belief, Westervelt entered into an "Administrative Services Only Agreement" with Liberty Life, which expressly provides claim approval duties to Liberty Life and Westervelt. Pursuant to ERISA, Westervelt is a plan fiduciary and a necessary party to this case. Upon information and belief, Defendant Lincoln Life acquired the rights to the administrative agreement from Liberty Life.

9. Benefits pursuant to the disability plan and insurance contract were available to Plaintiff at all times relevant to this Complaint.

10. Prior to June 1, 2020 Plaintiff was an employee of Westervelt.

11. Plaintiff suffers from total disability. Plaintiff has been diagnosed by his physician as being disabled and not able to work full time.

12. Plaintiff filed a claim for benefits under her Westervelt benefits plan for his disability benefits. Plaintiff submitted a signed medical release authorization to Defendants for his disability claim.

13. Defendants initially approved and paid disability insurance benefits from June 1, 2021 through August 18, 2021.

14. The Administrative Service Only Agreement between Westervelt and Lincoln Life contains language stating: "Whenever Liberty determines a benefit to be payable under the Plan, Liberty will make the appropriate recommendation for benefit payment to the Sponsor [Westervelt]. The Sponsor [Westervelt] will be responsible for the payment of all benefits under the Plan.". Upon information and belief, Defendant Lincoln Life acquired the rights to the administrative agreement from Liberty Life.

15. On or about December 16, 2020, Defendant Lincoln Life sent a letter to Plaintiff

and denied Plaintiff's disability insurance benefits, which identified an effective back-date of August 18, 2020.

16. On April 14, 2021 Plaintiff timely requested an administrative appeal review of the claim denial decision, and also requested Lincoln to produce a copy of all claim file documents.

17. Defendant Lincoln Life failed to respond to Plaintiff's appeal request and never produced the claim file documents.

18. On May 19, 2021 Plaintiff, again, timely requested administrative appeal review of the claim denial decision. The second request was sent by U.S. Postal Service Certified Mail.

19. Defendant Lincoln Life failed to respond to the April 14, 2021 and May 19, 2021 administrative appeal letters and has continued to deny Plaintiff's disability insurance benefits.

20. Defendants breached the duties established in the Administrative Services Only Agreement by failing to respond to the Plaintiff's appeal request. The Administrative Services Only Agreement expressly states:

> "The Sponsor will establish a procedure for reviewing disputed claims and any requests from claimants for a review of rejected claims. Liberty will provide the Sponsor with advice on any such claims. The Sponsor will make the determination as to the final disposition of any appeals on claims that were denied or terminated by Liberty." [Upon information and belief, Defendant Lincoln Life acquired the rights to the administrative agreement from Liberty Life.]

21. Defendants Lincoln Life and Westervelt ignored the appeal duties owed to the Plaintiff and the disability diagnosis letter from Plaintiff's treating physician.

22. On October 14, 2021, the Social Security Administration issued a Notice of Decision Fully Favorable for total disability for the Plaintiff. The Social Security Administration found that the Plaintiff cannot perform sustained work activity, on and after the disability onset

date.

23. Upon information and belief, the language of the disability plan expressly contemplates a plan participant's disability claim with the Social Security Administration.

24. Defendants Westervelt and Liberty Life ignored Plaintiff's request for an appeal. The Plaintiff has exhausted his administrative remedies pursuant to the terms of the disability plan.

25. Plaintiff alleges that at the time the disability claims were filed with Defendants Lincoln Life, the Plaintiff was a beneficiary of the disability plans, and was an insured under the insurance policies. Plaintiff submitted a medical release authorization and filed the proper claim forms and all other forms necessary for payment under the disability benefit. At all times subsequent to August 18, 2020, Plaintiff has been entitled to disability benefits, and other ERISA insurance benefits that may flow from his disability.

26. Defendant Lincoln Life breached the Plan language and terminated the Plaintiff's disability benefits.

## COUNT I
## VIOLATIONS OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT

27. Plaintiff adopts and incorporates paragraphs one through 26 as if fully stated herein.

28. Defendants Lincoln Life and Westervelt had a duty to pay benefits under the disability insurance as set forth in the Employee Retirement Income Security Act of 1974 ("ERISA").

29. Defendants Lincoln Life and Westervelt failed to pay the Plaintiff the benefits under the terms of the disability plan, and/or other insurance benefits provided to Plaintiff under

his ERISA plan.

30. Defendant Lincoln Life is an insurance company that pays claims from its own assets. Upon information and belief, Lincoln Life is a wholly owned subsidiary of a publicly traded, for-profit corporation known as Lincoln National Corporation.

31. Defendant Westervelt is a stockholder corporation that funds the Self- Insured Short Term Disability Plan from its own assets.

32. Upon information and belief, Defendants Westervelt and Lincoln Life have a conflict of interest in paying claims and reducing its own assets.

33. Defendants Lincoln Life and Westervelt terminated and failed to pay the Plaintiff's disability benefits after August 18, 2020. Lincoln Life and Westervelt breached the terms of the disability insurance policy and plan.

34. Defendants Lincoln Life and Westervelt are ERISA fiduciaries and/or carry out fiduciary responsibilities for Plaintiff's disability benefits.

35. Defendants Lincoln Life and Westervelt violated the provisions of ERISA 29 U.S.C. §1001, et seq.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests judgment against the Defendants Lincoln Life and Westervelt, jointly and severally, as follows:

(A) payment of disability benefits under the short term and long term disability plans pursuant to ERISA § 502;

(B) payment of disability benefits under other insurance then-existing plans pursuant to ERISA § 502;

(C) enforce "make whole" relief for the Plaintiff pursuant to ERISA § 502;

(D) reasonable costs;

(E) interest;

(F) attorney's fees; and

(G) such other relief as the Court may deem just and proper.

Respectfully submitted,

_/s/ Jeff S. Daniel________________

Jeff S. Daniel (DAN034)
LAW OFFICE OF JEFF DANIEL, P.C.
Post Office Box 131323
Birmingham, Alabama 35213
Telephone: (205) 531-1287
Facsimile: (205) 327-5773

Attorney for the Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that I have this the 30th day of March 2022, I served a copy of the foregoing on all counsel of record by electronic service and/or U.S. Mail:

Iwana Rademaekers
Law Offices Of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com
(Admitted *Pro Hac Vice*)

- And –

Matthew W. Robinett
Norman, Wood, Kendrick & Turner
Ridge Park Place, Suite 3000
1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 328-6643
Facsimile: (205) 251-5479
Email: mrobinett@nwkt.com
Attorneys for Defendant Liberty Life

__/s/ Jeff S. Daniel________
Attorney for Plaintiff

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL**
Defendants' Address for Service:

The Westervelt Company
c/o Ray Robbins, Agent for Service
1400 Jack Warner Pkwy NE
Tuscaloosa, AL 35404